UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL R. HUDSON,<br><br>      Plaintiff,<br><br>   v.<br><br>Officer ERIC AGNEW # 410 ET UX., et ux., et al..,<br><br>      Defendants. | Case No. C09-5696 FDB<br><br>ORDER SETTING ASIDE DEFAULT |

This matter comes before the Court on motion of Defendant Jefferson County for an order setting aside the Order of Default entered against it on February 3, 2010. The Court, having considered the motion, and record herein, is fully informed and grants the motion setting aside the default.

**Introduction and Background**

This is an action filed under 42 U.S.C. § 1983 for damages allegedly arising out of Plaintiff's incarceration at the Jefferson County Jail over a time period of approximately two days in January 2007. Plaintiff alleges violations of the Eight Amendment's prohibition against cruel and unusual punishment, and state law claims for intentional and negligent infliction of emotional

ORDER - 1

distress.  Plaintiff's allegations are, for the most part, directed at the five individual defendants named in the Complaint.  As to Defendant Jefferson County, Plaintiff alleges that it hired, trained, and supervised the individual Defendants and that it is liable under RCW4.96.010 for the Defendants' tortious acts performed within the scope of their official duties.

Plaintiff filed his Complaint on November 6, 2009, and served Jefferson County with a copy of the summons and complaint on December 22, 2009.  Plaintiff filed a motion for default against Jefferson County only on January 27, 2010.  An order of default was entered against the County on February 3, 2010.

Counsel was retained to represent the Defendants in late December 2009.  Counsel states that at the time of his retention, he was unaware that this matter had been filed or that the Defendants had been served.  Counsel undertook his initial investigation without filing a Notice of Appearance because he was under the mistaken impression that neither filing nor service had occurred. Counsel filed his Notice of Appearance on February 9, 2010.  It was then that counsel learned the Defendants had been served and an order of default had been entered.  Defendant Jefferson County moves the Court for an order setting aside the default.

**Standards for Setting Aside Default**

In general, motions to set aside default should be liberally granted and are left to the discretion of the court.  Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id.  Any doubt should be resolved in favor of setting aside the default in order to decide a case on its merits.  Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986).

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause."  A good cause analysis under Rule 55(c) requires consideration of three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a

ORDER - 2

meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc. 375 F.3d 922, 925-926 (9th Cir. 2004). The Court finds that all three factors weigh in favor of setting aside the entry of default.

First, it does not appear that Defendant Jefferson County engaged in culpable conduct that led to the default. Neglectful failure to answer, which the defendant offers as a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process, is not intentional and is therefore not necessarily culpable or inexcusable. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697-98 (9th Cir. 2001). Defendant asserts that the delay in this case was caused by defense counsel's mistaken belief that neither filing nor service had occurred. This is a good faith explanation, and the delay shows no intent to take advantage of Plaintiff or interfere with the legal process.

Second, Jefferson County has meritorious defenses. A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001). Likelihood of success is not the measure. Defendant's allegations are "meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." Keegal v. Key West & Caribbean Trading Company, Inc., 627 F.2d 372, 374 (D.C. Cir. 1980). The concurrently filed declaration of counsel outlines the Defendants' substantive defenses to the Plaintiff's claims. There are factual issues that go beyond simply a general denial of liability that the Defendants should be allowed to present and that a trier of fact should resolve on their merits. This is particularly true where the claims against the County are for vicarious liability.

Third, there is no showing of prejudice to Plaintiff. Delay alone does not constitute the sort of prejudice cognizable upon a Rule 55(c) motion: it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and

ORDER - 3

1  collusion.  <u>Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.</u>, 145 F.R.D. 674, 682 (D. Ariz. 1993).
2  The plaintiff did not file this action until almost three years after the allegedly unconstitutional
3  conduct occurred, and then sought entry of an order of default against Jefferson County only just
4  over one month after service.  The County acted promptly after discovering that an order of default
5  had been entered. The Plaintiff's ability to pursue his claim is not affected by setting aside the order
6  of default because he is still required to prove his claims against the individual Defendants,
7  regardless of any default order against the County.  There is good cause to set aside the default.

**Conclusion**

9  Thus, in considering the above factors, the Court finds Defendant Jefferson County has
10  shown good cause for setting aside the entry of default.
11  ACCORDINGLY:
12  IT IS ORDERED:
13  Defendants' Motion to Set Aside Order of Default [Dkt. # 12] is **GRANTED**.
14  DATED this 15th day of March, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4